USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

RODNEY BROWN,

                              Petitioner,

    -against-

HON. BRUCE ALLEN, and ADA DIMASE

                              Respondents.

------------------------------------------------------------- x

**ORDER DENYING PETITION FOR HABEAS CORPUS**

08 Civ. 5795 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Rodney Brown petitions for a writ of habeas corpus on the grounds that his indictment was illegally obtained and that he was deprived of effective assistance of counsel. He further claims that that his sentence was unauthorized, illegally imposed, and invalid because the trial court promised to place him in the Continuing Alcohol and Substance Abuse Treatment (CASAT) program, but the Department of Corrections (DOC) instead placed him in an alternate program. Respondent asserts that Petitioner's claims are unexhausted, procedurally barred, and without merit.

### I. Background

      On November 3, 2006, Brown was indicted on four counts of grand larceny in the fourth degree for stealing a cell phone and over $100 from four people in the PATH train station on West 23rd Street in Manhattan. He faced potential consecutive sentences of two to four years' imprisonment for each count. Because he had repeatedly been convicted of similar crimes, he faced a potential sentence of fifteen years to life. On April 13, 2007, Petitioner accepted a plea

1

agreement under which he would plead guilty to one count of grand larceny in the fourth degree and face a two to four year incarceration.

At his allocution, prior to pleading guilty, Petitioner told the judge that he was confused about the number of charges against him and the potential sentence he faced. He further stated that, based on his reading of the grand jury minutes, he thought he was charged with only one count of grand larceny in the fourth degree. The judge explained that Brown was charged with four counts because eyewitnesses testified before the grand jury that they saw Brown pick-pocketing four people, and that he faced a two to four year incarceration on each count. The judge then allowed Brown to consult privately with his attorney to ensure that he understood the charges and potential sentence.

After the consultation, Brown's attorney stated that Petitioner was prepared to enter a guilty plea. Petitioner then affirmed that his plea agreement, which was binding on the sentencing court, comprised only a reduced sentence of two to four years, that he had received no other promises in exchange for his plea, and that no one had threatened him or forced him to plead guilty. At the end of the allocution, the trial judge agreed to recommend his placement in the CASAT program.

After obtaining new counsel, Petitioner moved before the trial court to withdraw his plea on June 27, 2007. He claimed that he was innocent and that his prior attorney coerced his plea with threats. The court denied the motion. Petitioner again moved to withdraw his guilty plea on July 19, 2007, asserting substantially identical claims. Brown argued the motion at his sentencing proceedings on August 7, 2007. In addition to reiterating the claims submitted in his written motion, he also asserted that the Assistant District Attorney (ADA) illegally obtained the indictment against him and that his former attorney failed to properly represent him. The judge

denied the motion to withdraw the plea, sentenced Brown to a prison term of two to four years pursuant to the negotiated plea agreement, and ordered his placement in CASAT.

When Brown was incarcerated, the DOC placed him in the Alcohol and Substance Abuse Treatment (ASAT) program instead of CASAT. Brown learned that the sentencing court had no power to mandate CASAT under N.Y. Penal Law § 60.04(6) because his conviction was not a drug-related offense.[1]

In October 2007, Brown moved to vacate his conviction under N.Y. Criminal Procedure Law § 440.10, claiming that his guilty plea was induced by the judge's unauthorized and unfulfilled promise that he would be enrolled in CASAT. The New York State Supreme Court denied the motion, explaining that the trial court promised only that it would recommend CASAT, and that it had fulfilled its promise. Petitioner did not appeal the denial.

In June 2008, Petitioner appealed his conviction on the grounds that his guilty plea was not knowing and voluntary because it was induced by the sentencing judge's promise to place him in CASAT. He further claimed that, since the judge lacked the authority to mandate his placement in CASAT, that portion of his sentence was illegally imposed and that either his sentence should be set aside or his guilty plea vacated. Finally, he claimed his sentence of two to four years' imprisonment was excessive. The Appellate Division unanimously affirmed, holding that his sentence was not excessive, and that "the record does not establish that a guarantee of CASAT was part of the court's sentence promise . . . [and] the fact that, at sentencing, the court purported to direct defendant's enrollment in CASAT did not render the sentence illegal or

---

[1] N.Y. Penal Law §60.04(6) states that when a court imposes a prison sentence on a defendant "convicted of a controlled substance or marihuana offense, the court may, upon motion of the defendant in its discretion, issue an order directing that the department of correctional services enroll the defendant in the comprehensive alcohol and substance abuse treatment program." If the defendant was not convicted of a controlled substance or marihuana offense, then the DOC has discretion to decide whether and in which treatment programs to place prisoners. N.Y. Penal Law §60.04(6).

3

entitle defendant to withdraw his plea." People v. Brown, 58 A.D.3d 540, 540-41 (1st Dep't 2009). The New York Court of Appeals denied leave to appeal.

## II. Discussion

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) states that, prior to petitioning for habeas corpus in federal court, petitioners must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b). In New York, petitioners must appeal the conviction or sentence to the Appellate Division and seek leave to appeal from the Court of Appeals prior to submitting a federal habeas petition. N.Y. Crim. Proc. Law §§ 460.10, 460.20 (McKinney 2009).

Furthermore, federal courts cannot review federal claims in habeas petitions that were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Cause "under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." Coleman, 501 U.S. at 753.

Petitioner's claim of ineffective assistance of counsel and his claim that his indictment was illegally obtained cannot be considered on habeas review because they are unexhausted and procedurally barred. 28 U.S.C. § 2254(b). While Brown raised both claims in his second motion to withdraw his plea, he failed to raise them on appeal. The claims are procedurally barred because the 30-day period for direct appeal has expired, N.Y. C.P.L.R. § 5513 (McKinney 2009), as have the 30-day period to move to reargue his appeal, 22 N.Y.C.R.R. § 600.14 (2010), and the

4

30-day period to appeal the denial of his motion to withdraw his plea. 22 N.Y.C.R.R. § 600.8 (2010).

Because they are procedurally barred, this Court could only consider the claims on habeas review if Petitioner had shown "cause and actual prejudice" or a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The only cause Brown offers for his failure to exhaust state court remedies is that he is "a layman to the law." As the Coleman court explained, "ignorance or inadvertence is not cause" because it is not "external to the petitioner." Coleman, 501 U.S. at 753. Brown makes no attempt to show "actual prejudice or a miscarriage of justice." Coleman, 501 U.S. at 750. Consequently, the claims are not reviewable by this Court.

Even if this Court could review Petitioner's first two claims, they would fail on the merits because they are precluded byPetitioner's knowing and voluntary guilty plea.. To prevail on an ineffective assistance of counsel claim, Brown must show that "counsel's representation fell below an objective standard of reasonableness," and he must show he suffered prejudice due to his attorney's unreasonable representation. Strickland v. Washington, 466 U.S. 668, 688 (1984). Because he pleaded guilty rather than going to trial, to establish prejudice, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Brown asserts that his attorney lied to him about the number of witnesses who testified before the grand jury and coerced his guilty plea.[2] He further claims that he only learned after pleading guilty that no "victims" testified at the grand jury proceeding. Petitioner neglects to address the issue of prejudice altogether; however, even if Petitioner could establish prejudice,

---

[2] Brown's first attorney, Ms. Henry, represented him until his allocution, immediately after which he obtained new counsel. The claim pertains only to Ms. Henry and her services leading up to the allocution.

5

his knowing and voluntary guilty plea undermines his allegations that his attorney acted unreasonably.

Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Additionally, statements made at "allocution are conclusive absent credible reason 'justifying departure from their apparent truth,'" United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992) (quoting United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978)). Brown offered no "specifics" in support of his claims, and he provided no "credible reason" to doubt the truth of his statements at allocution.

The record shows that Brown knew prior to his allocution who testified before the grand jury and that Brown voluntarily plead guilty. According to the record, Petitioner received the minutes of the grand jury proceeding before entering the plea agreement, and he discussed at length with the judge and his attorney the proceeding, the evidence against him, and the charges and potential sentences he faced. Petitioner affirmed that he understood the charges against him and that he had "had enough time to discuss [his] decision [to plead guilty] with counsel." He further agreed that no one had "threatened [him] or forced [him] to plead guilty." Brown provides only conclusory allegations contradicting his sworn statements at allocution and, therefore, his claim fails..

Petitioner's second ground for habeas relief is similarly foreclosed by his knowing and voluntary guilty plea. Petitioner claims that his plea should be withdrawn because the ADA illegally obtained his grand jury indictment. However, once a Defendant enters a guilty plea, "errors in the grand jury proceedings [are] rendered harmless." Jordan v. Dufrain, No. 98 Civ.

6

4166 (MBM), 2003 U.S. Dist. LEXIS 5144, at *9 (S.D.N.Y. Apr. 1, 2003); *see also* Alston v. Ricks, 2003 U.S. Dist. LEXIS 38, No. 01 Civ. 9862, at *7 (S.D.N.Y. Jan. 7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury."). Brown claims that, during the grand jury proceedings, "no victims" testified that he had taken anything from them, and alleges that the ADA obtained his indictment by "misleading" the jury. Petitioner offers no evidence to support his accusations against the ADA. The record indicates that the ADA obtained the indictment not by lying, but by proffering the testimony of two eyewitnesses and Brown's arresting officer. Regardless of whether there were errors in the grand jury proceeding, there is no basis for the withdrawal of Petitioner's guilty plea because the plea itself rendered any alleged errors in his grand jury proceedings harmless. Jordan, 2003 U.S. Dist. LEXIS 5144, at *9.

Furthermore, the claim presents no federal or constitutional issue. AEDPA states that prisoners in state custody following a conviction in state court may only petition for federal habeas corpus relief if their imprisonment is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). As this claim alleges only "deficiencies in state grand jury proceedings . . . [it is] not cognizable in a habeas corpus proceeding in federal court," Davis v. Mantello, 42 Fed. Appx. 488, 490 (2d Cir. 2002), because "[h]abeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Brown's final claim that his sentence was illegally imposed also fails because it presents no federal or constitutional issue.[3] As Judge Weinstein of the Eastern District of New York explained, because a defendant relinquishes fundamental constitutional rights when he pleads guilty, "a sentencing court's failure to adhere to the terms of the plea agreement is reasonably

---

[3] While Petitioner failed to exhaust his first two claims, he did exhaust this final claim. He raised it in a 440.10 motion, on direct appeal, and in his application for leave to appeal in the Court of Appeals.

7

understood to state a constitutional claim that might merit habeas relief." Jenkins v. Beaver, No. 01 Civ 0483 (JBW) (E.D.N.Y. Nov. 13, 2003). Nonetheless, Petitioner failed to establish that the judge's offer to recommend placement in CASAT was part of his plea agreement.

At his allocution, Petitioner indicated that his plea agreement included a reduced sentence of two to four years, and nothing more. While the trial judge offered to recommend Petitioner's placement in CASAT if the DOC found he had a drug problem, he did so only after Petitioner accepted the ADA's offer of a two to four year incarceration and after he affirmed that neither the ADA nor the trial court had made him any additional promises. Although the sentencing judge later ordered Petitioner's placement in CASAT, this order was not a term of the plea agreement.

Given the sequence of events, the petition can only be understood as claiming that the sentencing judge exceeded his authority when he ordered Brown's placement in CASAT, even though he lacked the power to do so. Federal courts cannot review individual sentences imposed by state courts pursuant to state law because they present no federal question. Fielding v. LeFevre, 548 F.2d 1102, 1107 (2d Cir. 1977). Federal courts may decide whether a state statute mandating imprisonment for a particular type of crime is unconstitutional, but not whether an individual prisoner should have received a lesser sentence "within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Brown does not contend that the range of sentences he faced was unconstitutional. Because his sentence was below the maximum of fifteen years to life, and because a state court's individual sentencing decision raises no issue of federal or constitutional law, this Court cannot review his claim. Fielding v. LeFevre, 548 F.2d 1102, 1107 (2d Cir. 1977).

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is denied. Since Petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002).

The Clerk shall mark the case as closed.

SO ORDERED.

Dated: April 7, 2010
New York, New York

ALVIN K. HELLERSTEIN

United States District Judge